LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Jonathan D. Selbin
State Bar No. 170222
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
Daniel M. Hutchinson
State Bar No. 239458
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson
State Bar No. 290473
Email:  mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

GREENWALD DAVIDSON RADBIL PLLC
Aaron D. Radbil
(*pro hac vice* application to be filed)
Email:  aradbil@gdrlawfirm.com
106 East Sixth Street, Suite 913
Austin, Texas 78701
Telephone: (512) 322-3912
Facsimile: (561) 961-5684

BURKE LAW OFFICES, LLC
Alexander H. Burke
(*pro hac vice* application to be filed)
Email:  ABurke@BurkeLawLLC.com
155 N. Michigan Ave. Suite 9020
Chicago, IL 60601
Telephone: (312)729-5288
Facsimile:  (312) 729-5289

Counsel for Plaintiff and the proposed class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lisa Barnes, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant. | Case No:<br><br>COMPLAINT<br><br>CLASS ACTION<br><br>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

1

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1658916.1

**Nature of this Action**

1. Lisa Barnes ("Plaintiff") brings this class action against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Wells Fargo placed tens of thousands of harassing calls to wrong parties—people with no ongoing business relationship with Wells Fargo and who owe it no debt.

3. Wells Fargo engaged in this ongoing practice of contacting Plaintiff and proposed Class Members on their cellular telephones without their prior express consent within the meaning of the TCPA and the Federal Communication Commission ("FCC" or "Commission") rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules").

4. On June 11, 2008, the FCC issued a citation to Wells Fargo for violations of the TCPA, admonishing Wells Fargo that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

5. Wells Fargo nonetheless continued to make automated calls.

6. As a result, Wells Fargo has already been sued for, and has settled on a class-wide basis, multiple class action lawsuits alleging precisely the behavior described herein.

7. Notwithstanding these prior violations of the TCPA, the FCC's citation, and the prior class action lawsuits and settlements, Wells Fargo violated the TCPA by contacting Plaintiff and proposed Class Members on their cellular telephones by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A) and/or via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), without their prior express consent within the meaning of the TCPA.

8. Plaintiff brings this action for injunctive relief and statutory damages resulting from Wells Fargo's illegal actions.

1658916.1

## Jurisdiction and Venue

9. This Court has federal subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

10. The matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.

11. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

12. Further, Plaintiffs allege a national class, which will result in at least one Class Member belonging to a different state.

13. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

14. Venue is proper before this Court under to 28 U.S.C. § 1391(b)-(c), and 1441(a), because: a portion of the events giving rise to this action occurred in this district, as Defendant resides and maintains its principal corporate address in this district; Defendant conducts business in within the jurisdiction of this Court; Defendant has intentionally availed itself of the laws and markets within this district; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## Intradistrict Assignment

15. Assignment to the San Francisco Division or the Oakland Division of the Northern District of California is appropriate as Defendant's headquarters and principal corporate address are located in San Francisco.

## Parties

16. Plaintiff Lisa Barnes is a natural person who at all relevant times resided in Holland, Michigan.

1658916.1

17. Defendant is a national bank with a principal corporate address at 420 Montgomery Street, San Francisco, California, 94104.

## **The Telephone Consumer Protection Act**

18. In 1991, Congress enacted the TCPA.  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).

19. The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

20. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *       *       *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

21. Accordingly, a defendant can violate the TCPA by making calls using an "automatic telephone dialing system" or a "an artificial or prerecorded voice."

22. Here, Wells Fargo used both.

23. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

24. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

25. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor are permitted only if the calls are made with the "prior express consent" of the called party.[2]

26. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[3]

27. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1)(A)-(B).

28. This statutory language dictates that "the term 'automatic telephone dialing system' means equipment which has the capacity—(1) to store numbers to be called *or* (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, --- F.3d ---, No. 14-56834, 2018 WL 4495553, at *8 (9th Cir. Sept. 20, 2018) (emphasis added).[4]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[4] In the past, the FCC has held that this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, ¶ 133 (2003); *see In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates

29. Predictive dialers fall within the scope of the term 'automatic telephone dialing system. *See Marks*, 2018 WL 4495553, at *8 ("Although Congress focused on regulating the use of equipment that dialed blocks of sequential or randomly generated numbers—a common technology at that time—language in the statute indicates that equipment that made automatic calls from lists of recipients was also covered by the TCPA.").

30. Under the TCPA, the burden is on the creditor—here, Wells Fargo—to obtain, document, and prove prior express written consent.

### Classwide Factual Allegations

31. Wells Fargo has long acknowledged that it makes calls to non-customers' cellular telephone numbers using an automatic telephone dialing system ("ATDS") and a prerecorded voice message. *See, e.g.*, *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1317 (S.D. Fla. 2012) (holding at summary judgment: "It is undisputed that Wells Fargo placed multiple calls to the Cell Number, a cellular number, and that those calls were made using an automated telephone dialing system or a prerecorded voice."), *aff'd*, 755 F.3d 1265 (11th Cir. 2014); *Watkins v. Wells Fargo Bank, N.A.*, No. CV 15-5712 (RMB/KMW), 2017 WL 2399086, at *4 (D.N.J. June 2, 2017) ("[T]he parties do not dispute that Wells Fargo called Plaintiff's cell phone 157 times using an ATDS. . . . Indeed, Defendant concedes that '[t]hese calls would be violative of the TCPA, unless the autodialed calls were 'made with the prior express consent' of the Plaintiff.'").

32. On information and belief, Wells Fargo employed and utilized dialing software manufactured by Aspect Software, Inc. ("Aspect"). *See* https://www.aspect.com.

33. Wells Fargo's Aspect dialing system is a predictive dialer.

---

telephone numbers, not when it dials numbers from customer telephone lists" and reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective"); *see also Reyes v. BCA Fin. Servs., Inc.*, Case No. 16-24077-CIV, 2018 WL 2220417, at *11 (S.D. Fla. May 14, 2018) ("the prior FCC Orders are still binding").

6

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1658916.1

34. Like all predictive dialers, the Aspect predictive dialer is a type of automatic telephone dialing system that uses stored, produced, generated, or otherwise entered phone numbers from a .csv file, spreadsheet, and/or a database to automatically make outgoing telephone calls.

35. The Aspect dialing system has the capacity to store numbers to be called, and Wells Fargo employed this functionality in its calls to Plaintiff and the proposed Class.

36. The Aspect dialing system has the capacity to produce telephone numbers to be called, and Wells Fargo employed this functionality in its calls to Plaintiff and the proposed Class.

37. The Aspect dialing system has the capacity to generate telephone numbers to be called, and Wells Fargo employed this functionality in its calls to Plaintiff and the proposed Class.

38. The Aspect dialing system has the capacity to dial telephone numbers automatically, and Wells Fargo employed this functionality in its calls to Plaintiff and the proposed Class.

39. Once a list of phone numbers is stored, produced, generated, or otherwise entered into the preprogrammed Aspect dialing system, the Aspect system configures a dialing campaign that causes calls to be made automatically to telephone numbers based on certain criteria and without requiring the user to dial the phone numbers.

40. The dialing system maintains an electronic record of each call made.

41. If a Wells Fargo call center agent is not available to field the outgoing ATDS call, the Aspect dialing system plays a prerecorded voice message.

42. The dialing system maintains an electronic record of each prerecorded voice message played.

43. Once a Wells Fargo call center agent becomes available to field the outgoing ATDS call, the Aspect dialing system automatically connects an available call center agent with each successfully completed outbound call.

44. The Aspect dialing system is connected to one or more relational databases that also store, produce, and/or generate phone numbers to be dialed.

45. Each such relational database is a component of Wells Fargo's dialing system.

46. Each agent at a Wells Fargo call center uses a software program that connects to Wells Fargo's Aspect dialing system.

47. Once an agent logs in, the Aspect dialing system connects the agent to successfully completed outbound calls.

48. The software program is a component of Wells Fargo's dialing system.

49. On information and belief and based on the forgoing, Wells Fargo's dialing system is an automatic telephone dialing system.

**Plaintiff's Factual Allegations**

50. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

51. Sometime in 2016, Defendant began placing calls to Plaintiff's cellular telephone number—███████████.

52. For example, Defendant placed at least one call to Plaintiff's cellular telephone number on October 22, 2016, October 26, 2016, and July 3, 2017.

53. Defendant placed its calls to Plaintiff's cellular telephone number from telephone numbers including (800) 289-8019, (248) 728-2304, and (888) 804-5037.

54. When dialed, telephone number (800) 289-8019 plays a recorded messages that begins: "Welcome to Wells Fargo dealer services . . . ."

55. When dialed, telephone number (888) 804-5037 plays a recorded messages that begins: "Welcome to Wells Fargo . . . ."

56. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number not listed above.

57. Defendant's calls to Plaintiff's cellular telephone number were intended for a recipient other than Plaintiff—a man Plaintiff does not know named Richard Loutman (spelling unknown).

58. On occasion, Plaintiff answered calls that Defendant placed to her cellular telephone number, and informed Defendant that she was not the individual Defendant intended to reach, and requested that Defendant stop placing calls to her cellular telephone number.

59. After Defendant failed to heed her requests that it stop placing calls to her cellular telephone, Plaintiff went to one of Defendant's local branches in Holland, Michigan in connection with her efforts to get the calls to stop in or around mid-2016.

60. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

61. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number using "equipment which has the capacity—(i) to store numbers to be called or (ii) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks*, 2018 WL 4495553, at *9.[5]

---

[5] Further, upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone*

1658916.1

62. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

63. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

64. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

65. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

66. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

67. Plaintiff is not, and was not ever, one of Defendant's customers.

68. Plaintiff does not, and never did, have a business relationship with Defendant.

69. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

70. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

71. Plaintiff suffered actual harm as a result of Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

72. Moreover, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

73. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and/or an artificial or prerecorded voice to

*Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

74. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following proposed Class:

> All persons throughout the United States (1) to whom Wells Fargo Bank, N.A. placed a call in connection with an automobile loan, (2) to a non-customer's cellular telephone number, (3) by using an Aspect telephone dialing system and/or an artificial or prerecorded voice, (4) from March 31, 2016 through the date of class certification.

75. Excluded from the proposed Class are Defendant, Defendant's officers and directors, members of Defendant's immediate families and its legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

76. Upon information and belief, the members of the proposed Class are so numerous that joinder of all of them is impracticable.

77. The exact number of the members of the proposed Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

78. Based upon the representations of Defendant regarding its sales and market share, Plaintiff reasonably believes that proposed Class Members number at minimum in the tens of thousands.

79. The members of the class are ascertainable because the proposed Class is defined by reference to objective criteria.

80. In addition, the members of the proposed Class are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses, can be identified in business records maintained by Defendant and by third parties.

81. Plaintiff's claims are typical of the claims of the members of the proposed Class.

1658916.1

82. As it did for all members of the proposed Class, Defendant used an automatic telephone dialing system, and/or an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number, without prior express consent.

83. Plaintiff's claims, and the claims of the members of the proposed Class, originate from the same conduct, practice, and procedure on the part of Defendant.

84. Plaintiff's claims are based on the same theories as are the claims of the members of the proposed Class.

85. Plaintiff suffered the same injuries as the members of the proposed Class.

86. Plaintiff and members of the proposed Class suffered actual harm as a result Defendant's calls in that they suffered an invasion of privacy and intrusion into their lives, were subject to annoying and harassing calls that constitute a private nuisance, temporarily lost legitimate use of their cell phones in having to deal with the calls, and they were charged for incoming calls.

87. Plaintiff will fairly and adequately protect the interests of the members of the proposed Class.

88. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the proposed Class.

89. Plaintiff will vigorously pursue the claims of the members of the proposed Class.

90. Plaintiff has retained counsel experienced and competent in class action litigation.

91. Plaintiff's counsel will vigorously pursue this matter.

92. Plaintiff's counsel will assert, protect, and otherwise represent the members of the proposed Class.

93. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the proposed Class.

94. Issues of law and fact common to all members of the proposed class are:

   a. Defendant's conduct, pattern, and practice;

   b. Defendant's violations of the TCPA;

12
CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1658916.1

      c.      Defendant's use of an automatic telephone dialing system;

      d.      Defendant's use of an artificial or prerecorded voice;

      e.      Liability under the TCPA for calls to wrong or reassigned cellular telephone numbers; and

      f.      The availability of statutory damages.

95. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

96. If brought and prosecuted individually, the claims of the members of the proposed Class would require proof of the same material and substantive facts.

97. The pursuit of separate actions by individual members of the proposed Class would, as a practical matter, be dispositive of the interests of other members of the proposed Class, and could substantially impair or impede their ability to protect their interests.

98. The pursuit of separate actions by individual members of the proposed Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

99. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed Class.

100. The damages suffered by each individual member of the proposed Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the proposed Class to redress the wrongs done to them.

101. The pursuit of Plaintiff's claims, and the claims of the members of the proposed Class, in one forum will achieve efficiency and promote judicial economy.

102. There will be little difficulty in the management of this action as a class action.

103. Defendant has acted or refused to act on grounds generally applicable to the members of the proposed Class, making final declaratory or injunctive relief appropriate.

1658916.1

# COUNT I

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

104. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-103.

105. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's and proposed Class members' cellular telephone number, without their prior express consent.

106. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the proposed Class are entitled to statutory damages of $500 for each and every violation of the statute, and up to $1,500 for each and every knowing and/or willful violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

107. Plaintiff and all proposed Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Wells Fargo in the future.

108. Plaintiff and proposed Class Members are also entitled to an award of attorneys' fees and costs.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as Class representative under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as Class Counsel under Federal Rule of Civil Procedure 23;

d. Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e. Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the Proposed Class without prior express consent;

1658916.1

    f. Awarding Plaintiff and the Class damages under 47 U.S.C. § 227(b)(3)(B);

    g. Awarding Plaintiff and the Class treble damages under 47 U.S.C. § 227(b)(3);

    h. Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i. Awarding Plaintiff and the members of the proposed Class any pre-judgment and post-judgment interest as may be allowed under the law; and

    j. Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Date: October 25, 2018   */s/ Jonathan D. Selbin*

            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            Jonathan D. Selbin
            State Bar No. 170222
            Email: jselbin@lchb.com
            250 Hudson Street, 8th Floor
            New York, NY  10013
            Telephone:  (212) 355-9500
            Facsimile:  (212) 355-9592

            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            Daniel M. Hutchinson
            State Bar No. 239458
            Email: dhutchinson@lchb.com
            275 Battery Street, 29th Floor
            San Francisco, California  94111-3339
            Telephone:  (415) 956-1000
            Facsimile:  (415) 956-1008

            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            Andrew R. Kaufman
            (*pro hac vice* application to be filed)
            Email: akaufman@lchb.com
            222 Second Avenue South, Suite 1640
            Nashville, TN 37201

1658916.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

MEYER WILSON CO., LPA
Matthew R. Wilson
State Bar No. 290473
mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

GREENWALD DAVIDSON RADBIL PLLC
Aaron D. Radbil
(*pro hac vice* application to be filed)
106 East Sixth Street, Suite 913
Austin, Texas 78701
Telephone: (512) 322-3912
Facsimile: (561) 961-5684
aradbil@gdrlawfirm.com

BURKE LAW OFFICES, LLC
Alexander H. Burke
(*pro hac vice* application to be filed)
ABurke@BurkeLawLLC.com
155 N. Michigan Ave. Suite 9020
Chicago, IL 60601
Telephone: (312)729-5288
Facsimile:      (312) 729-5289

*Counsel for Plaintiff and the Proposed Class*

16

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1658916.1